**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FEB 16 1999**

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

ALBERTO ROSARIO-MONTALVO,

       Plaintiff - Appellant,

vs.

WILLIE SCOTT, Warden,

       Defendant - Appellee.

No. 98-3123
(D.C. No. 94-3242-RDR)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

       Mr. Rosario-Montalvo, a federal prisoner appearing pro se, appeals from the district court's granting of Defendant's summary judgment motion and dismissal of his Bivens action. Mr. Rosario-Montalvo claims that prison officials were deliberately indifferent to his serious medical needs, see Estelle v. Gamble, 429 U.S. 97, 106 (1976), arising after the use of excessive force, see Hudson v.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

McMillian, 503 U.S. 1, 7 (1992). He also claims that prison officials did not accord him adequate due process in connection with the incident resulting in excessive force. See Superintendent v. Hill, 472 U.S. 445, 454-55 (1985); Wolff v. McDonnell, 418 U.S. 539, 566-67 (1974). On appeal, Defendant raises the purely conclusory allegations that the Bureau of Prisons has interfered with his ability to pursue his claims (by frequent transfers) and that the district court was biased in favor of the government because the Defendant is represented by a prosecuting entity.

Liberally construing Mr. Rosario-Montalvo's pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), and reviewing the district court's grant of summary judgment de novo, see Barney v. Pulsipher, 143 F.3d 1299, 1306 (10th Cir. 1998), we affirm because Mr. Rosario-Montalvo has failed to show an affirmative link between the actions complained of and any conduct of the Defendant warden. See Green v. Branson, 108 F.3d 1296, 1302-03 (10th Cir. 1997). Nor has he shown any conduct of the Defendant warden pertaining to his medical care that would satisfy the subjective component of wantonness. See Wilson v. Seiter, 501 U.S. 294, 303 (1991). Finally, the summary judgment record contains uncontroverted evidence of adequate procedure and some evidence to support discipline. All pending motions are denied and Mr. Rosario-Montalvo is reminded of his obligation to pay the filing fee assessed on July 28,

1998.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge